| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| | BRUCE A. ERICSON  #76342 |
| 2 | bruce.ericson@pillsburylaw.com |
| | JEFFREY JACOBI  #252884 |
| 3 | jeffrey.jacobi@pillsburylaw.com |
| | 50 Fremont Street |
| 4 | Post Office Box 7880 |
| | San Francisco, CA  94120-7880 |
| 5 | Telephone: (415) 983-1000 |
| | Facsimile: (415) 983-1200 |
| 6 | |
| | Attorneys for All Defendants |
| 7 | Except Credit Suisse Securities (USA) LLC and |
| | Morgan Stanley & Company Incorporated |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 630 PENSION-ANNUITY TRUST FUND, Derivatively on Behalf of CENTURY ALUMINUM COMPANY, | No. C-09-4963-JW |
| | **STIPULATION AND [PROPOSED] ORDER** |
| Plaintiff, | Attached hereto:  Proposed Order |
| vs. | |
| JOHN C. FONTAINE, JACK E. THOMPSON, PETER C. JONES, ROBERT E. FISHMAN, JOHN P. O'BRIEN, WILLY R. STROTHOTTE, JARL BERNTZEN, CATHERINE Z. MANNING, LOGAN W. KRUGER, MICHAEL A. BLESS, WAYNE R. HALE, STEVE SCHNEIDER, CREDIT SUISSE SECURITIES (USA) LLC, and MORGAN STANLEY & CO. INCORPORATED, | |
| Defendants, | |
| - and - | |
| CENTURY ALUMINUM COMPANY, a Delaware corporation, | |
| Nominal Defendant. | |

**RECITALS**

1. Before Judge Illston are four class actions purportedly brought on behalf of all persons who purchased or otherwise acquired the common stock of Century Aluminum Company ("Century Aluminum"):

| Case Name | Case No. | Filing Date |
|---|---|---|
| *Petzschke v. Century Aluminum Company, et al.* | C-09-01001-SI | March 9, 2009 |
| *Abrams v. Century Aluminum Company, et al.* | C-09-01103-SI | March 12, 2009 |
| *McClellan v. Century Aluminum Co., et al.* | C-09-01162-SI | March 17, 2009 |
| *Hilyard v. Century Aluminum Co., et al.* | C-09-01205-SI | March 19, 2009 |

2. On April 15, 2009, Judge Illston entered an order pursuant to Civil Local Rule 3-12 relating these class actions.

3. On September 8, 2009, Judge Illston entered an order consolidating these four class actions under the name *In re Century Aluminum Company Securities Litigation*, No. C-09-1001-SI (the "Consolidated Class Actions").

4. On September 23, 2009, Judge Illston entered an order appointing lead plaintiff and lead counsel for the Consolidated Class Actions.

5. On September 18, 2009, Judge Illston set a briefing and hearing schedule for filing a consolidated complaint in the Consolidated Class Actions and moving to dismiss that consolidated complaint; pursuant to the schedule, the consolidated complaint is to be filed November 17, 2009, any motions to dismiss are to be filed January 15, 2010, and the hearing on any motions to dismiss is to be March 5, 2010, at 9 a.m., with a case management conference that afternoon at 2:30 p.m. (Pursuant to the Private Securities Litigation Reform Act of 1995, discovery in the Consolidated Class Actions is stayed pending resolution of defendants' motions to dismiss.)

6. On October 19, 2009, plaintiff Plumbers And Pipefitters Local Union No. 630 Pension-Annuity Trust Fund filed this shareholder derivative action (the "Derivative Action").

7. Although it asserts different legal theories, the Derivative Action arises out of the same transactions and occurrences as the Consolidated Class Actions, and names the same individual defendants and underwriter defendants.

8. The parties have filed a joint administrative motion to relate the Derivative Action to the Consolidated Class Actions. Dkt. 53 in Action No. C-09-1001-SI.

9. The parties agree that it makes sense to postpone further activity in the Derivative Action until the motions to dismiss the Consolidated Class Actions are heard and resolved.

**STIPULATION**

THEREFORE, IT IS HEREBY STIPULATED, by and between the undersigned counsel for the parties herein, that:

1. Plaintiff shall have until 28 days after the Court rules on the motions to dismiss the Consolidated Class Actions to decide whether it wishes to stand on the original complaint, or alternatively to e-serve and e-file an amended complaint (whichever it chooses to proceed on shall be the "Operative Complaint").

2. Defendants' answers or responses to the Operative Complaint shall be due 50 days after the filing or designation of the Operative Complaint.

3. Should defendants file a motion to dismiss the Operative Complaint, plaintiffs shall have 50 days to respond to defendants' motion to dismiss; and defendants shall have 30 days to file any reply. The parties have agreed that the composition of the Board of Directors that will be considered in connection with determining whether plaintiffs have complied with Rule 23.1 of the Federal Rules of Civil Procedure in this action will be the composition of the Board of Directors on the date this action was initiated.

4. Nothing in this stipulation shall prevent (i) any defendant from filing a motion for a stay, or (ii) defendants other than the Company from seeking an order that they need not respond to the Operative Complaint pending resolution of a motion by the Company regarding demand futility.

| | |
|---|---|
| 1 | 5. The parties respectfully request that the Court: |
| 2 | a. Continue the Case Management Conference currently set for |
| 3 | February 23, 2010 at 1:30 p.m. until the date set for hearing on any motions filed |
| 4 | pursuant to paragraph 2 above; and |
| 5 | b. Vacate the deadlines set by the Order Setting Initial Case |
| 6 | Management Conference and ADR Deadlines in favor of new deadlines consistent |
| 7 | with this stipulation and the new date set for the Case Management Conference. |

**DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

I, BRUCE A. ERICSON, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from each of the other signatories listed below.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on December 1, 2009, at San Francisco, California.

                              */s/ Bruce A. Ericson*
                              Bruce A. Ericson

Dated: December 1, 2009.

                              PILLSBURY WINTHROP SHAW PITTMAN LLP
                              BRUCE A. ERICSON
                              JEFFREY JACOBI
                              50 Fremont Street
                              Post Office Box 7880
                              San Francisco, CA 94120-7880

                              By       */s/ Bruce A. Ericson*
                                        Bruce A. Ericson
                              Attorneys for Defendants
                              JOHN C. FONTAINE, JACK E. THOMPSON, PETER C. JONES, ROBERT E. FISHMAN, JOHN P. O'BRIEN, WILLY R. STROTHOTTE, JARL BERNTZEN, CATHERINE Z. MANNING, LOGAN W. KRUGER, MICHAEL A. BLESS, WAYNE R. HALE and STEVE SCHNEIDER, and Nominal Defendant CENTURY ALUMINUM COMPANY

Dated: December 1, 2009.

ORRICK, HERRINGTON & SUTCLIFFE
ROBERT P. VARIAN
TODD SCOTT
The Orrick Building
405 Howard Street
San Francisco, CA 94105


By _____ */s/ Robert P. Varian*_____
              Robert P. Varian
Attorneys for Defendants
CREDIT SUISSE SECURITIES (USA) LLC AND
MORGAN STANLEY & CO. INCORPORATED


Dated: December 1, 2009.

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
100 Pine Street, Suite 2600
San Francisco, CA 94111
   - and –
TRAVIS E. DOWNS III
BENNY C. GOODMAN III
655 West Broadway, Suite 1900
San Diego, CA 92101


By _____*Benny C. Goodman III*_____
            Benny C. Goodman III
Attorneys for Plaintiff PLUMBERS AND
PIPEFITTERS LOCAL UNION NO. 630 PENSION-
ANNUITY TRUST FUND, Derivatively on Behalf of
CENTURY ALUMINUM COMPANY

# [PROPOSED] ORDER

Upon consideration of the parties' stipulation and good cause appearing, IT IS HEREBY ORDERED THAT:

1. Plaintiff shall have until 28 days after the Court rules on the motions to dismiss the Consolidated Class Actions to decide whether it wishes to stand on the original complaint, or alternatively to e-serve and e-file an amended complaint (the "Operative Complaint").

1      2.      Defendants' answers or responses to the Operative Complaint shall be due 35 days after the filing or designation of the Operative Complaint.

3.      Should defendants file a motion to dismiss the operative complaint, plaintiffs shall have 50 days to respond to defendants' motion to dismiss; and defendants shall have 30 days to file any reply.

4.      Nothing in this order prevents (i) any defendant from filing a motion for a stay, or (ii) defendants other than the Company from seeking an order that they need not respond to the Operative Complaint pending resolution of a motion by the Company regarding demand futility.

5.      The Case Management Conference currently set for February 23, 2010 at 1:30 p.m. is hereby continued to a new date and time to be set by the Court once the pending administrative motion to relate cases is resolved.

6.      The deadlines set by the Order Setting Initial Case Management Conference and ADR Deadlines are hereby vacated in favor of new deadlines to be set by the Court once the pending administrative motion to relate cases is resolved.

Dated: December  9 , 2009.

_____
The Honorable James Ware
United States District Judge